## 60064. WILLIAMS v. THE STATE.

SOGNIER, Judge.

Williams was convicted of theft by receiving a stolen automobile. On appeal he contends the trial court erred by permitting a police officer to testify about a conversation he had with appellant after appellant had been warned of, and invoked, his *Miranda* rights. (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). We affirm.

The evidence discloses that Lynn Wilson, a detective, was filling out a "booking" report in connection with appellant's arrest. Wilson was aware that appellant had been advised of his rights and had invoked those rights; therefore, Wilson asked no questions relating to the offense charged, but limited his questions to routine information such as name, address, date of birth, etc. *Appellant* then asked Wilson why he was being arrested for stealing a car he (appellant) owned and proceeded to volunteer certain information, none of which was incriminating. Appellant has cited no authority to support his contention that testimony relating to this conversation is inadmissible. Our Supreme Court has held that if a defendant was properly advised and made aware of his *Miranda* rights, the fact that thereafter while in custody he knowingly and voluntarily elected to talk is no cause for complaint. *Blair v. State,* 230 Ga. 409, 411 (3) (197 SE2d 362) (1973). The evidence adduced at the hearing outside the presence of the jury makes it clear that any information disclosed by appellant during his conversation with Wilson was volunteered by appellant after he initiated such conversation himself. Accordingly, the trial court did not err in admitting such testimony into evidence.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 4, 1980 — DECIDED
SEPTEMBER 2, 1980.

*Robert J. Evans,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.